Matthew P. Minser, Esq. (SBN 296344)
Siddharth Jhans, Esq.   (SBN 254165)
SALTZMAN & JOHNSON LAW CORPORATION
1141 Harbor Parkway, Suite 100
Alameda, CA 94502
Telephone: (510) 906-4710
Email: mminser@sjlawcorp.com
Email: sjhans@sjlawcorp.com

Attorneys for Plaintiffs, Operating Engineers'
Health and Welfare Trust Fund for Northern California, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GOLDEN INTERSTATE SWEEPING SERVICE INC., a California Corporation,<br><br>Defendant. | Case No. 3:20-cv-04676-JCS<br><br>**JUDGMENT PURSUANT TO STIPULATION** |

IT IS HEREBY STIPULATED and AGREED (the "Stipulation") by and between the parties hereto that Judgment shall be entered in the within action in favor of Plaintiffs Operating Engineers' Health and Welfare Trust Fund, et al. ("Plaintiffs" or "Trust Funds") and against Defendant Golden Interstate Sweeping Service., a California Corporation, ("Golden Interstate" or Defendant) and Guarantor NorCal Environmental Corporation (hereinafter referred to as "NorCal" or Guarantor), as follows:

    1.    This Stipulation is entered pursuant to a Settlement Agreement and Release of Claims entered into by Plaintiffs and Defendant.

2. Defendant Golden Interstate is signatory to and bound by the terms of a Collective Bargaining Agreement(s) ("Bargaining Agreement") with the Operating Engineers Local Union No. 3 ("Union"). The Bargaining Agreement is still in full force and effect.

3. Robert A. Schimpf confirms that he is the President of Golden Interstate and is authorized to enter into this Stipulation on behalf of Golden Interstate. John Phillips confirms that he is the CEO of NorCal and is authorized to enter into this Stipulation on its behalf. Defendant Golden Interstate and Guarantor NorCal specifically consent to the Court's jurisdiction, as well as the use of a Magistrate Judge for all proceedings, including entry of judgment herein. Defendant and Guarantor further confirm that all successors in interest, assignees, and affiliated entities (including, but not limited to, parent or other controlling companies), and any companies with which either Defendant or Guarantor joins or merges, if any, shall also be bound by the terms of this Stipulation as Guarantors. This shall include any additional entities in which the Guarantor possesses any controlling ownership interest. All such entities shall specifically consent to the Court's jurisdiction, the use of a Magistrate Judge for all proceedings, and all other terms herein, in writing, at the time of any assignment, affiliation or purchase.

4. The parties hereby expressly stipulated that Judgment shall be entered against Defendant Golden Interstate, in the total amount of **$190,000** plus 10% interest per annum on the declining balance payable to the Trust Funds.

**REQUIREMENTS UNDER THE TERMS OF THIS STIPULATION**

5. **Notice requirements** pursuant to the terms of this Stipulation are as follows:

a) Notices to Defendant: Golden Interstate Sweeping, Inc., c/o Robert A. Schimpf, PO Box 905, Rancho Cordova, CA 95741-0905; email: rob@goldeninterstate.com

b) Notices to Guarantor: NorCal Environment Corporation, c/o Robert A. Schimpf, 3167 Fitzgerald Road, Rancho Cordova, CA 95742; email: dschimpf@calerosion.com

c) Notices to Plaintiffs: Siddharth Jhans, Saltzman & Johnson Law Corp., 1141 Harbor Bay Parkway, Suite 100, Alameda, CA 94502; email: sjhans@sjlawcorp.com, copy to compliance@sjlawcorp.com

6. The requirements pursuant to the terms of this Stipulation are as follows:

    a) **Payments**: Defendant shall pay the amount of $190,000 in 24 equal payments plus 10% interest per annum on the declining balance.

        i) Payments in the amount of **$8,767.54 per month** shall begin on January 1, 2022, and continue on or before the 1st (first) day of each month thereafter **for a period of twenty-four (24) months**. Plaintiffs may require that Defendant pay electronically by ACH/wire transfer, or by cashier's check.

        ii) Defendant shall have the right to increase the monthly payments at any time and there is no penalty for prepayment.

    b) **Contributions**: Beginning with contributions due for hours worked by Defendant's employees during the month of December 2021, and for every month thereafter until this Judgment is satisfied, Defendant shall remain current in reporting and payment of contributions due to Plaintiffs under the terms of the Collective Bargaining Agreement(s). Defendant shall report and pay its contributions electronically.

    c) **Job Report**: Beginning with the month of December 2021, and for every month thereafter, Defendant shall fully disclose all jobs on which they are working by providing Plaintiffs with fully completed job reports on the form attached hereto as *Exhibit A*.

7. In summary, the Defendant shall deliver the following payments and documents to Plaintiffs, at the following locations, on or before the following delivery deadlines, until this Stipulation has been fully satisfied:

| **Required Submissions** | **Delivery deadlines**[1] | **Delivery locations** |
|---|---|---|
| **Stipulated payments in the amount of $8,767.54** payable to *Operating Engineers Trust Funds* | 1st day of each month (1/1/22-12/1/23) | Siddharth Jhans<br>Saltzman & Johnson Law Corp.<br>1141 Harbor Bay Parkway, #100<br>Alameda, CA 94502 |

---

[1] If the Stipulation has not been fully satisfied by 12/1/23, all monthly submission requirements shall continue until all amounts have been paid and a Satisfaction of Judgment has been filed with the Court.

| Required Submissions | Delivery deadlines[1] | Delivery locations |
|---|---|---|
| **Current contribution reports and payments** payable to *Operating Engineers Trust Funds* | 15th day of each month (beginning 1/15/22, for 12/21 hours) | Operating Engineers Trust Funds P.O. Box 3157 Hayward, CA 94540-3157<br><br>Plus copies to: compliance@sjlawcorp.com (subject: "Golden Interstate")<br><br>and/or to:<br><br>Siddharth Jhans Saltzman & Johnson Law Corp. 1141 Harbor Bay Parkway, #100 Alameda, CA 94502 |
| **Completed job reports** (form attached as Exhibit A to Stipulation) | 15th day of each month (beginning 1/15/22, for 12/21 hours) | compliance@sjlawcorp.com (subject: "Golden Interstate") or Siddharth Jhans Saltzman & Johnson Law Corp. 1141 Harbor Bay Parkway, #100 Alameda, CA 94502 |

8. Failure to comply with any of the above terms, including submitting a payment that does not clear the bank, or failing to endorse a joint check provided for the payment of amounts due under the terms of this Stipulation including current contributions, shall constitute a default of the obligations under this Stipulation.

### DEFAULTS UNDER THE TERMS OF THIS STIPULATION

9. If default occurs, Plaintiffs shall make a written demand to the Defendant to cure said default ***within ten (10) days of the date of the notice from Plaintiffs***. In the event default is not cured within the required time frame, all amounts remaining due hereunder (after application of principal payments made, if any) shall be due and payable on demand by Plaintiffs.

10. A Writ of Execution may be obtained without further notice, in the amount of the unpaid balance plus any additional amounts due under the terms herein. Such Writ of Execution may be obtained solely upon declaration by a duly authorized representative of Plaintiffs setting forth the

balance due as of the date of default.

## MISCELLANEOUS PROVISIONS

11. The above requirements remain in full force and effect regardless of whether or not the Defendant has ongoing work, whether Defendant's account with the Trust Funds is active, or whether the Defendant remains a signatory to a Collective Bargaining Agreement with the Union. If, for any reason, the Defendant has no work to report during a given month, the Defendant shall submit the job report form (Exhibit A attached hereto) indicating that there are no current jobs. If the Defendant has no contributions to report, the Defendant shall submit the applicable contribution report stating "no employees."

12. Payments made by joint check shall be endorsed on behalf of the Defendant prior to submission, and may be applied toward the Defendant's monthly stipulated payment, provided that the issuer of the joint check is not requesting a release in exchange for the payment. Joint checks for which a release is requested may not be applied toward the Defendant's monthly stipulated payment, but shall be deducted from the total balance owed under this Stipulation, provided the payment is for contributions included in this Stipulation.

13. The Defendant and Guarantor waive any notice of Entry of Judgment or of any Request for a Writ of Execution, and expressly waives all rights to stay of execution and appeal.

14. Any failure on the part of Plaintiffs to take any action as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach.

15. The Defendant and Guarantor have represented that they do not intend to file for Bankruptcy protection. In the event that the Defendant and/or Guarantor file for Bankruptcy protection, the Defendant and Guarantor specifically agree that the amounts due hereunder, which are employee benefits and related sums, shall not be dischargeable. The Defendant and Guarantor agree to reaffirm this debt, and will not request that the debt be discharged.

16. Should any provisions of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of

the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provisions shall be deemed not to be part of this Stipulation.

17. This Stipulation is limited to the agreement and compromise pursuant to the Settlement Agreement and Release of Claims between the parties with respect to the unpaid and delinquent contributions and related sums enumerated herein, that Plaintiffs claim they are owed by the Defendant. This Stipulation does not in any manner relate to withdrawal liability claims, if any. The Defendant and Guarantor acknowledge that Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against the Defendant, Guarantor and their control group members, as provided by Plaintiffs' Plan documents, Trust Agreements incorporated into their Bargaining Agreements, and applicable laws and regulations.

18. This Stipulation and the Settlement Agreement and Release of Claims contains all of the terms agreed to by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

19. This Stipulation may be executed in any number of counterparts and by electronic signature, each of which shall be deemed an original and all of which shall constitute the same instrument.

20. The Defendant and Guarantor represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Stipulation with care and are fully aware of and represent that they enter into this Stipulation voluntarily and without duress.

21. The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

DATED: December 13, 2021

GOLDEN INTERSTATE SWEEPING, INC.,
A CALIFORNIA CORPORATION

By: _____
Robert A. Schimpf, President

**GUARANTOR:**

DATED: December ___, 2021

NORCAL ENVIRONMENTAL CORPORATION, A CALIFORNIA CORPORATION

By: _____
John Philipps, CEO

DATED: December 10, 2021

OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND FOR NOR. CAL., ET AL.

By: _____
Kevin J. Albanese, Trustee of the Plaintiff Trust Funds

DATED: December 10, 2021

OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND FOR NOR. CAL., ET AL.

By: _____
Justin Diston, Trustee of the Plaintiff Trust Funds

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain jurisdiction over this matter.

DATED: December 14, 2021

_____
UNITED STATES MAGISTRATE JUDGE
Joseph C. Spero

**Exhibit A: JOB REPORT FORM**
Completed Forms Due by the 15th business day of each month
by email to compliance@sjlawcorp.com (subject line: *Golden Interstate*), or
delivered to Saltzman & Johnson, 1141 Harbor Bay Parkway, Ste. 100, Alameda, CA 94502

Employer: Golden Interstate Sweeping, Inc.

Report for the month of _____, 20__ Submitted by: _____

| Project Name: | | Public or Private? (Circle one) | |
|---|---|---|---|
| Project Address: | | | |
| General Contractor: | | | |
| General Contractor Address: | | | |
| General Contractor Phone #: | | Project Manager Name: | |
| Project Manager Phone #: | | Project Manager email address: | |
| Contract #: | | Contract Date: | |
| Total Contract Value: | | | |
| Work Start Date: | | Work Completion Date: | |
| Project Bond #: | | Surety: | |

| Project Name: | | Public or Private? (Circle one) | |
|---|---|---|---|
| Project Address: | | | |
| General Contractor: | | | |
| General Contractor Address: | | | |
| General Contractor Phone #: | | Project Manager Name: | |
| Project Manager Phone #: | | Project Manager email address: | |
| Contract #: | | Contract Date: | |
| Total Contract Value: | | | |
| Work Start Date: | | Work Completion Date: | |
| Project Bond #: | | Surety: | |

*\*\*\*Attach additional sheets as necessary\*\*\**